UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL C. OLSON,<br><br>          Plaintiff,<br><br>   v.<br><br>HARLAND CLARKE CORPORATION,<br><br>          Defendant. | CASE NO. C11-5585 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant Harland Clarke Corporation's ("Harland") motion to compel arbitration (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 24, 2011, Plaintiff Daniel Olson ("Olson") filed a complaint against Harland alleging various causes of action based on the alleged breach of his employment contract. Dkt. 1-1. On July 27, 2011, Harland removed the case to this Court. Dkt. 1.

ORDER - 1

On April 9, 2012, Harland filed a motion to compel arbitration. Dkt. 16. On April 26, 2012, Olson responded. Dkt. 24. On May 4, 2012, Harland replied. Dkt. 28.

## II. FACTUAL BACKGROUND

On June 1, 2006, Harland and Olson executed a written Professional Services Agreement ("Agreement"). Dkt. 17, Declaration of Shannon Nakabayashi ("Nakabayashi Decl.") Exh. A. The Agreement provides, in part, as follows:

> The parties agree that any disputes relating to or arising out of the performance of this Agreement shall first be submitted to executive management for resolution. If the dispute cannot be resolved by executive management, then the dispute shall be submitted to mediation. If the dispute cannot be resolved through mediation, then the dispute shall be submitted to binding arbitration. The mediation shall take place at a mutually selected location with a mutually selected mediator. If arbitration is required, the arbitration proceedings shall be administered by the American Arbitration Association or such other administrator as the parties shall mutually agree, and conducted in accordance with the AAA Commercial Arbitration Rules. Judgment upon any award rendered in arbitration may be entered in any court having competent jurisdiction. The arbitration shall be conducted at a location in the State of Georgia selected by the AAA or other administrator. …
> 
> ***
> 
> This Agreement shall be governed by the laws of the State of Georgia.

*Id*. §§ 14.1, 15.8.

In February and March 2012, the parties discussed resolution of this matter and engaged the services of mediator Nancy Maisano. Nakabayashi Decl., ¶ 7. Harland asserts that mediation appeared to be futile. *Id*. On April 5, 2012, Harland sent Olson a demand for arbitration. *Id*., Exh. 2. On April 6, 2012, Olson refused to submit to arbitration under the Agreement. *Id*. Exh. 3.

ORDER - 2

## III. DISCUSSION

The Federal Arbitration Act ("FAA") proclaims a strong public policy favoring arbitration. Section 2 of the FAA provides as follows:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Under the FAA, "agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

In this case, the written agreement between Olson and Harland provides an arbitration clause that the Court must enforce absent any grounds for revocation. Olson argues that Harland has failed to satisfy a contractual prerequisite for arbitration, Harland has waived its right to arbitration, and that the arbitration clause is substantively unconscionable. Dkt. 24.

First, Olson asserts that Harland has failed to participate in mediation, which the contract requires before any party may compel arbitration. Dkt. 24 at 2-3. Harland counters that, after Olson filed this lawsuit, the parties engaged a mediator to resolve the dispute through mediation. Nakabayashi Decl., ¶ 7. Harland asserts that, as the mediation date neared, it appeared that the dispute could not be resolved via mediation, and Harland withdrew from the process. *Id*. The Court finds that neither party is at fault for failing to complete mediation because Olson initiated a lawsuit and Harland unilaterally withdrew. The Court also finds that, at this point, enforcing the mediation

prerequisite would be futile. Therefore, based on these facts, the parties' failure to complete mediation does not preclude the enforcement of arbitration.

Second, Olson argues that Harland waived its right to arbitration by participating in the lawsuit. Dkt. 24 at 4-5. A party seeking to prove waiver of a right to arbitration must demonstrate: "(1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that right, and (3) prejudice." *Kinsey v. Bradley*, 53 Wn.App. 167, 169 (1989). Olson has failed to show that Harland acted inconsistent with its right to arbitrate or that Olson has been prejudiced. This proceeding is in its early stages and Harland's participation has been compelled by the Court's preliminary orders and the Federal Rules of Civil Procedure. These are not acts inconsistent with a right to arbitrate.

With regard to prejudice, Olson asserts that he has been prejudiced in that the delay has forced him to engage in 11 months of litigation and waste time, money, and earnings. Dkt. 24 at 5. Olson, however, could have requested arbitration at the outset avoiding these detriments altogether. Therefore, the Court finds that Olson has failed to show Harland waived its right to arbitration.

Finally, Olson argues that the arbitration clause is substantively unconscionable. Dkt. 24 at 5-7. "[T]he party opposing arbitration, has the burden of showing that the cost of arbitration is prohibitive . . . ." *Walters v. A.A.A. Waterproofing, Inc.*, 151 Wn.App. 316, 327 (2009). If the burden is met, the court may sever the prohibitive aspect of the provision such as a requirement that arbitration occur at a specific location. *Id.* at 330. Olson contends that requiring him to travel to Georgia for a one or two day arbitration is cost prohibitive because he has little or no money left after paying his monthly expenses.

1  Dkt. 24 at 6-7.  Harland does not contest Olson's financial status and only requests that, if
2  the Court finds that the location provision is cost prohibitive, the Court sever this specific
3  provision.  Dkt. 28 at 6-7.  The Court finds, based on the facts in the record, that the
4  location provision of the Agreement is cost prohibitive.  Therefore, the Court severs the
5  provision in the Agreement that requires that arbitration occur in Georgia.  The remainder
6  of Harland's motion shall be granted.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Harland's motion to compel arbitration (Dkt. 16) is **GRANTED in part** and **DENIED in part** as set forth herein.  This case shall be stayed, administratively closed, and the parties shall report to the Court at the earliest of either the completion of arbitration or January 2, 2013.

Dated this 18th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge