1

2

3

4

5             UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
6                        AT TACOMA

7
   DANIEL C. OLSON,
8                                        CASE NO. C11-5585 BHS
                    Plaintiff,
9                                        ORDER DENYING PLAINTIFF'S
          v.                             MOTION FOR
10                                       RECONSIDERATION
   HARLAND CLARKE CORPORATION,
11 et al.,

12                  Defendants.

13

14        This matter comes before the Court on Plaintiff Daniel C. Olson's ("Olson")

15 motion for reconsideration (Dkt. 31). The Court has considered the pleadings filed in

16 support of the motion and the remainder of the file and hereby denies the motion for the

17 reasons stated herein.

18                        **I. PROCEDURAL HISTORY**

19        On June 24, 2011, Olson filed a complaint against Defendant Harland Clarke

20 Corporation ("Harland") alleging various causes of action based on the alleged breach of

21 his employment contract. Dkt. 1-1. On July 27, 2011, Harland removed the case to this

22 Court. Dkt. 1.

On April 9, 2012, Harland filed a motion to compel arbitration. Dkt. 16. On May 18, 2012, the Court granted the motion in part and denied it in part. Dkt. 30. On June 1, 2012, Olson filed a motion for reconsideration. Dkt. 31.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Olson argues that "the Court manifestly erred in two matters." Dkt. 31 at 2. First, the Court found and concluded as follows:

> The Court finds that neither party is at fault for failing to complete mediation because Olson initiated a lawsuit and Harland unilaterally withdrew. The Court also finds that, at this point, enforcing the mediation prerequisite would be futile. Therefore, based on these facts, the parties' failure to complete mediation does not preclude the enforcement of arbitration.

Dkt. 30 at 3–4. Olson argues that this conclusion was manifest error and "not enforcing the prerequisite of mediation would render Harland's obligations under the arbitration clause illusory . . . ." Dkt. 31 at 5. The Court disagrees. Simply because the Court finds that at this stage of the proceeding enforcing the mediation clause would be futile, does not render the contract illusory.

Second, Olson argues that the Court should find that the arbitration clause is unconscionable because he is unable to afford the costs of arbitration. Dkt. 31 at 6–7.

1   There are no facts before the Court that Olson has been unable to participate in any

2   arbitration proceeding because of his financial status.  Moreover, the rules of arbitration

3   accommodate parties that show current financial hardship.  *See* Dkt. 18, Exh. A, Rule R-

4   49 ("The AAA may, in the event of extreme hardship on the part of any party, defer or

5   reduce the administrative fees.").  Olson has failed to show that the Court committed

6   manifest error by enforcing the arbitration clause.

7                                    **III. ORDER**

8           Therefore, it is hereby **ORDERED** that Olson's motion for reconsideration (Dkt.

9   31) is **DENIED.**

10          Dated this 5th day of June, 2012.


11

12

13                                    BENJAMIN H. SETTLE
                                      United States District Judge

14

15

16

17

18

19

20

21

22