UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL C. OLSON,<br><br>             Plaintiff,<br><br>   v.<br><br>HARLAND CLARKE CORPORATION,<br><br>             Defendant. | CASE NO. C11-5585 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT, DENYING PLAINTIFF'S MOTION TO VACATE, AND DENYING DEFENDANT'S MOTION TO STRIKE |

This matter comes before the Court on Defendant Harland Clarke Corporation's ("Harland") motion for entry of judgment (Dkt. 37), Plaintiff Daniel Olson's ("Olson") motion to vacate arbitration award (Dkt. 38), and Harland's motion to strike Olson's motion (Dkt. 43). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for entry of judgment, denies the motion to vacate, and denies the motion to strike for the reasons stated herein.

# I. PROCEDURAL HISTORY

On June 24, 2011, Olson filed a complaint against Harland alleging various causes of action based on the alleged breach of his employment contract. Dkt. 1-1. On July 27, 2011, Harland removed the case to this Court. Dkt. 1.

On April 9, 2012, Harland filed a motion to compel arbitration. Dkt. 16. On May 18, 2012, the Court granted the motion and stayed the case pending completion of arbitration. Dkt. 30. On April 11, 2014, the parties informed the Court that arbitration was completed on February 3, 2014 with the arbitrator issuing an award in favor of Harland. Dkt. 36.

On April 11, 2014, Harland filed a motion to enter judgment confirming the award. Dkt. 37. On May 2, 2014, Olson responded and filed a motion to vacate the award. Dkt. 38. On May 9, 2014, Harland replied. Dkt. 40. On May 12, 2014, Olson filed a reply. Dkt. 42. On May 15, 2014, Harland filed a motion to strike Olson's reply. Dkt. 43.[1]

# II. DISCUSSION

The Court "may vacate an arbitration award only if the conduct of the arbitrators violated the Federal Arbitration Act (FAA), or if the award itself is 'completely irrational' or 'constitutes manifest disregard of the law.'" *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132-33 (9th Cir. 2003) (quoting *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003)). "Neither erroneous legal conclusions nor

---

[1] The motion is denied. The Court will consider the pro se brief because it does not prejudice Harland.

unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." *Hall St. Assocs., L.L.C., v. Mattel, Inc.*, 552 U.S. 576 (2008).

In this case, Olson argues that the Court must vacate the award because (1) the arbitrator failed to issue a "reasoned opinion" and (2) the arbitrator failed to rule on issues submitted. Dkt. 38 at 2. With regard to the former issue, there is a question of fact whether the parties agreed to a "reasoned opinion." Assuming that the parties did agree to a "reasoned opinion" instead of a standard award, the arbitrator's decision is a reasoned opinion. The Eleventh Circuit has recently recognized that there exists "sparse precedent that specifically addresses this issue." *Cat Charter, LLC v. Schurtenberger* 646 F.3d 836, (11th Cir. 2011). The Fifth Circuit has held that a "reasoned award is something short of findings and conclusions but more than a simple result." *Sarofim v. Trust Co. of the W.*, 440 F.3d 213, 215 n. 1 (5th Cir. 2006) (citations and internal quotation marks omitted).

In light of these cases, the Court concludes that the arbitrator issued a reasoned award. The award is more than a simple result in Harland's favor. In fact, the arbitrator stated that "Olson was, at all times, an Independent Contractor and not an employee of Harland Clarke." Dkt. 43-1 at 1. Based on that conclusion, the arbitrator further concluded that the written notice of termination requirement did not apply and dismissed the remainder of Olson's claims. *Id.* at 1–2. These constitute reasons for his decision. This decision is more than a simple result and offers explanations for the ultimate award. *Cat Charter*, 646 F.3d at 844. While the Court acknowledges that there is little guidance

1 in this circuit or elsewhere as to the precise definition of a reasoned opinion, it concludes
2 that the arbitrator provided it in this case. Therefore, the Court denies Olson's request to
3 vacate the award on this issue.
4      With regard to Olson's argument that the arbitrator failed to rule on issues
5 submitted, Olson contends that the arbitrator failed to make evidentiary rulings and failed
6 to address his promissory estoppel claim. Dkt. 38 at 6–7. The arbitrator, however, stated
7 that his opinion was "[b]ased on the evidence presented during the arbitration hearings . .
8 . ." Dkt. 43-1 at 1. Moreover, the arbitrator dismissed Olson's breach of contract claim,
9 which included Olson's promissory estoppel theory. Dkt. 1-1, ¶¶ 8.1-8.6. Therefore, the
10 Court denies Olson's request to vacate the award on this theory, denies Olson's motion to
11 vacate, and grants Harland's motion to confirm the award and enter judgment.

## III. ORDER

13      Therefore, it is hereby **ORDERED** that Harland's motion for entry of judgment
14 (Dkt. 37) is **GRANTED**, Olson's motion to vacate arbitration award (Dkt. 38) is
15 **DENIED**, and Harland's motion to strike Olson's motion (Dkt. 43) is **DENIED**.
16      Dated this 9th day of June, 2014.

                            BENJAMIN H. SETTLE
                            United States District Judge